UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY RUSSELL YBARRA,

    Plaintiff,

    v.

WELLS COUNTY SHERIFF'S DEPT., et al.,

    Defendants.

CAUSE NO.: 3:19-CV-733-PPS-MGG

OPINION AND ORDER

Randy Russell Ybarra, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Ybarra alleges that, in October 2015 and March 2016, jail officials at the Wells County Jail read, summarized, and made copies of his letters to his

family. Ybarra was not aware that jail officials had examined his mail until 2018 when he received copies of the letters and written summaries through discovery in another lawsuit. He asserts that these actions violated his constitutional rights. While pretrial detainees retain their right to free speech and right to privacy, these rights are not absolute, and the Seventh Circuit Court of Appeals has concluded that "the interest of the state in monitoring the nonprivileged correspondence of the pretrial detainees justifies the minor burden that it places on their freedom to communicate with friends and relatives." *Smith v. Shimp*, 562 F.2d 423, 425 (7th Cir. 1977); *see also Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986). Notably, Ybarra does not allege that jail officials stopped his mail from being delivered after examining it or that they prevented him from expressing himself in any way. Nor did Ybarra have a reasonable expectation of privacy in the letter because "[w]hat the pretrial detainee places in such envelopes he knowingly exposes to possible inspection by jail officials and consequently yields to reasonable search and seizure." *Smith*, 562 F.2d at 427. Therefore, Ybarra may not proceed on this complaint.

Nevertheless, Ybarra may file an amended complaint. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013). However, Ybarra should only file an amended complaint if he believes he can state a valid claim. If he chooses to file an amended complaint, he should obtain the court's approved form from the prison law library, and he must put the case number for this case on it, which is on the first page of this order. The amended complaint should include an explanation as to how each individual defendant was responsible for violating his constitutional or federal rights.

For these reasons, the court:

(1) GRANTS Randy Russell Ybarra until October 24, 2019, to file an amended complaint; and

(2) CAUTIONS Randy Russell Ybarra that, if he does not respond by that deadline, this case may be dismissed without further notice.

SO ORDERED.

ENTERED: September 24, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT